# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MICHAEL DEAN RICHARD<br>ID # 1754881,<br>Petitioner,<br>vs.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>Respondents. | No. 3:16-CV-3127-G (BH)<br><br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

## I. BACKGROUND

Michael Dean Richard (Petitioner) challenges his conviction for aggravated assault. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

### A. Procedural History

On April 23, 2010, the State of Texas indicted Petitioner for aggravated assault in Cause No. 26488. (Doc. 16-4 at 8.)[1] He pleaded not guilty and was tried before a jury in the 196th Judicial District Court of Hunt County, Texas. On October 17, 2011, the jury convicted him, and he was sentenced to 65 years' imprisonment. (Doc. 16-5 at 91.) The judgment was affirmed on appeal. *See Richard v. State*, No. 06-11-00240-CR, 2012 WL 2945970 (Tex. App. – Texarkana July 20, 2012). He did not file a petition for discretionary review. *See* www.txcourts.gov (search for

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Petitioner).

Petitioner's first state habeas application was signed on December 13, 2015, and received by the state court on December 18, 2015. (Doc. 16-17 at 4, 14.) He filed a motion to withdraw the state application, and it was dismissed without written order on March 16, 2016. (Docs. 16-15; 16-16); *see Ex parte Richard*, WR-84,478-01 (Tex. Crim. App. Mar. 16, 2016).

His second state habeas application was signed on June 4, 2016, and received by the state court on June 16, 2016. (Doc. 16-19 at 4, 25.) It was denied without written order on September 7, 2016. (Doc. 16-18); *see Ex parte Richard*, WR-84,478-02 (Tex. Crim. App. Sept. 7, 2016).

**B.**     **Substantive Claims**

Petitioner's federal petition raises the following grounds:

(1)    At trial, the State lost exculpatory evidence, such as 911 tapes, a dashcam video, and photographs of injuries;

(2)    The evidence was insufficient to support the conviction;

(3)    Counsel was ineffective for failing to:

(a) investigate;

(b) call witnesses;

(4)    There was prosecutorial misconduct because:

(a) the State used perjured testimony;

(b) the State threatened Petitioner's wife with contempt charges if she did not testify;

(c) the prosecutor injected her opinion into the trial;

(5)    The cumulative effect of the errors prevented a fair trial.

(*See* doc. 1 at 6-8.) Respondent contends that the petition is barred by the statute of limitations. (*See* doc. 22.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

### A.  Calculation of One-Year Period

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final. He does not allege that his claims involve any newly recognized constitutional right.

Petitioner alleges that he was prevented from filing his federal petition because the prison

law library is constitutionally inadequate and that he was denied a full and fair hearing in state court. (Doc. 1 at 10.) He does not allege how the law library was inadequate and how that prevented him from timely filing a federal petition, so he has not shown that § 2244(d)(1)(B) applies. *See Krause v. Thaler*, 637 F.3d 558, 561-62 (5th Cir. 2011) (section 2244(d)(1)(B) did not apply where the petitioner alleged that the prison law library was inadequate without an allegation of facts regarding how that prevented him from timely filing the petition). He has not shown how a denial of a full and fair hearing prevented him from filing the petition.

The latest of the dates under § 2255(f) is the date that Movant's conviction became final. He did not file a petition for discretionary review with the Court of Criminal Appeals. His state conviction therefore became final for purposes of § 2244(d) by the expiration of the thirty-day period for filing a petition for discretionary review after his conviction was affirmed on direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 n.24 (5th Cir. 2003) (under Tex. R. App. P. 68.2 a party has thirty days to file a petition for discretionary review). The appellate court opinion was issued on July 20, 2012. The thirtieth day after that was August 19, 2012. That day was a Sunday, so the last day to file a petition for discretionary review was Monday, August 20, 2012. *See* Tex. R. App. P. 4.1. He had until August 20, 2013, to file his federal habeas petition, absent any tolling of the statute of limitations.

**B.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Here, Petitioner filed his § 2254 petition on October 13, 2016, the date that it was

4

mailed.[2] The limitations period had already expired, so he is not entitled to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period). His petition is therefore untimely.

C.     **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Petitioner's allegations about the prison law library and the denial of a full and fair state hearing do not entitle him to equitable tolling. As discussed, he has not shown how he was prevented from timely filing his petition.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 9th day of November, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE